# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Ashley D. Parks

October 6, 2009

Case No. (Criminal) CL09-2328

BY JUDGE MARY JANE HALL

Defendant is charged with driving under the influence of alcohol. He has filed a motion to quash the Commonwealth's subpoena *duces tecum* seeking hospital records from Sentara Norfolk General for November 12, 2008. Defendant was involved in an accident on that night, taken to Sentara Norfolk General for treatment, and arrested at the hospital.

For the reasons stated herein, the motion is granted.

This is a case of apparent first impression. The Court has been unable to locate any controlling authority addressing the factors by which the Court should balance the Commonwealth's right to compel the production of a criminal defendant's medical records against the defendant's right to protect the privacy of those records. .

Both parties rely upon Virginia's Health Privacy statute, Va. Code § 32.1-127.1:03, which opens with the declaration, "There is hereby recognized an individual's right of privacy in the content of his health records." The Commonwealth cites to subsection (D)(2) of the statute, which specifically authorizes a health care provider to disclose records in response to a search warrant or court order. The subsection provides "Nothing in this subdivision shall be construed to prohibit any staff or employee of a health

care entity from providing information about such individual to a law enforcement officer in connection with such subpoena, search warrant, or court order." Va. Code § 32.1-127.1:03(D)(2).

The Commonwealth additionally argues that the subpoena in this case complies with the notice provisions and the other requirements of the statute regarding the form of the subpoena.

The Health Privacy statute articulates thirty-four instances in which a health care provider may disclose medical records without liability to its patients whose privacy rights would otherwise forbid the disclosure. The subsection on which the Commonwealth relies clearly would permit Sentara Norfolk General to release Mr. Parks' records without incurring liability for a violation of the statute, but it otherwise does not control the instant motion. Once the patient objects to the disclosure, the statute requires the Court to inquire into the existence of good cause for the production of the records:

> In the event that the individual whose health records are being sought files a motion to quash the subpoena, the court or administrative agency shall decide whether good cause has been shown by the discovering party to compel disclosure of the individual's health records over the individual's objections. In determining whether good cause has been shown, the court or administrative agency shall consider (i) the particular purpose for which the information was collected; (ii) the degree to which the disclosure of the records would embarrass, injure, or invade the privacy of the individual; (iii) the effect of the disclosure on the individual's future health care; (iv) the importance of the information to the lawsuit or proceeding; and (v) any other relevant factor.

Va. Code § 32.1-127.1:03(H)(6). The Commonwealth undoubtedly has the authority to issue the subpoena for these records but, in the face of a motion to quash, must also carry a burden of showing good cause for the production of the records. It may not simply rely upon the underlying grant of authority.

Defendant cites Va. Code § 19.2-187.02(B) in support of his motion. That statute provides that "the provisions of law pertaining to confidentiality of medical reports and medical treatment shall not be applicable to reports or records of blood alcohol tests sought." Defense counsel concedes that his motion to quash as to any blood alcohol tests would not be well founded based on the elimination of a right to privacy in such records, but he argues that the statute preserves the right of privacy with respect to a criminal defendant's

other medical records. He also advises the Court that Defendant had no blood drawn on November 12, 2008, and that no blood alcohol tests could therefore be included in the requested records.

The Commonwealth suggested at oral argument that it can and does routinely secure search warrants for such records. Before a search warrant may issue, however, a judicial officer must be satisfied that probable cause exists for the search. In the instant case, faced with Defendant's objection, the Commonwealth has not proffered any particular reason for the compulsory production of Defendant's medical records.

The Court finds that the public policy of Virginia is stated clearing in the Health Privacy statute and requires that courts protect the privacy of the medical records absent a specific reason for disclosure. The general interest in law enforcement and investigation, without some showing of a particular piece of information likely to be included in those records that would advance that interest, must yield to a patient's right of privacy in his medical records.

The motion to quash is granted.